# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JELANI AGYEI KAMAU KAYIN EL,**
a/k/a **GILARDI C. BURNS,**
No. **10954-025,**

**Petitioner,**

vs.   Case No. 17-cv-1399-DRH

**MONROE COUNTY JAIL,**
and **OFFICERS (Monroe County Jail),**

**Respondents.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner is a federal prisoner, currently incarcerated in the Monroe County Jail ("the Jail"). He brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition and related documents, the Court concludes that Petitioner

1

is not entitled to habeas relief, and the petition must be dismissed.

## **Background**

On the same date when he filed this action (December 29, 2017), Petitioner also filed a civil rights case seeking to recover damages pursuant to either *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), or 42 U.S.C. § 1983. *Kayin El v. USA, et al.*, Case No. 17-cv-1398-SMY. On February 1, 2018, that case was dismissed as legally frivolous. (Doc. 6 in Case No. 17-cv-1398).[1]

In the instant case, Petitioner states that he is being held in the Jail while awaiting trial on criminal charges, and is also serving a sentence for having violated his federal probation. (Doc. 1, p. 1). This information is consistent with the records of this Court in Petitioner's pending criminal case, *United States v. Burns*, Case No. 17-cr-30110-MJR, where he is charged with failure to surrender to begin serving the sentence imposed as a result of the probation violation. (Doc. 1 in Case No. 17-cr-30110-MJR). In an earlier criminal case, *United States v. Burns*, Case No. 13-cr-30233-MJR, Plaintiff's supervised release was revoked on January 26, 2017, and he was sentenced to 9 months' imprisonment. (Docs. 127, 129, 130, 140 in Case No. 13-cr-30233-MJR). According to the Government's response to Petitioner's pending motion for bond in Case No. 17-cr-30110-MJR, he is still serving that 9-month sentence. (Doc. 52 in Case No. 17-cr-30110-MJR). A hearing has been scheduled for March 8, 2018, in the 2017

---

[1] The February 1, 2018, dismissal Order in Case No. 17-cv-1398-SMY includes a detailed synopsis of Petitioner's criminal cases.

2

criminal case to consider the motion for bond as well as Petitioner's motion to continue the trial. (See Docs. 42, 57, in Case No. 17-cr-30110-MJR).

## The Petition

Petitioner's stated grounds for challenging his current confinement include alleged due process violations, lack of medical care, brain damage he claims to have suffered during his incarceration, deprivation of telephone, mail, and commissary privileges, being placed on lockdown, lack of access to legal materials, and inability to call his attorney. (Doc. 1, p. 2). He seeks immediate release from the Jail, as well as "immediate dismissal" of his criminal case "due to due process of law issues." (Doc. 1, p. 8).

He further claims that the case should be dismissed in connection with his "properly discharging this debt and settling this account . . . that will be turned into an asset, stock, or bond and sold on the Stock Exchange which will create Capitol [sic] for the United States Government and this particular court as well." *Id.* He objects to the Court placing his "Estate or Family Name" in all capital letters. He states that he has submitted Internal Revenue Service Form 966 to "dissolve any corporate status that was created by the U.S. Government at or around the time of my physical entry into this wor[l]d/dimension." *Id.*

On January 16, 2018, Plaintiff filed a copy of a grievance form (Doc. 4) which he may have submitted to Jail officials. He complains that the Jail has no true grievance process, and states that Jail officials are not signing financial documents that he needs to send to this Court. They refuse to provide him with

legal material, copies, or phone access. He also alleges that he has not been given his prescribed vitamin supplements, and has not seen a doctor. (Doc. 4, p. 2). He claims that he has been verbally abused and threatened with lockdown by Jail officers. *Id.*

## Discussion

Petitioner has brought this action under the umbrella of habeas corpus law. 28 U.S.C. § 2241. Typically, the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). Release from custody is indeed what Petitioner seeks in this case. However, this Court must look beyond that request for relief, to independently evaluate the substance of Petitioner's claim and determine whether the correct statute – in this case 28 U.S.C. § 2241 – is being invoked. *Preiser*, 411 U.S. at 500 (dismissing § 1983 civil rights claims that should have been brought as petition for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). If a prisoner is challenging the conditions of his confinement, rather than the fact of confinement, then his remedy is under civil rights law – not habeas corpus. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

Section 2241 provides, in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless – . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The federal habeas corpus statute cannot be used to challenge conditions of confinement. *See* 28 U.S.C. § 2241(c)(3); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576,579 (7th Cir. 2003); *DeWalt v. Carter*, 224 F.3d 607,617 (7th Cir. 2000); *Pischke*, 178 F.3d at 500; *Graham*, 922 F.2d at 381.

Despite the vague claims of a due process violation, which Petitioner does not explain, the instant Petition does not reveal any basis to support a conclusion that Petitioner's custody is in violation of the Constitution or any law or treaty. The record in his criminal cases, as well as the Petition itself, demonstrate that Petitioner is serving a lawful sentence imposed after his probation was revoked, and that he is simultaneously in custody pending a trial on the 2017 charge for failing to surrender. Notably, Petitioner's motion requesting release on bond is scheduled to be heard in his criminal case within 2 weeks. His entitlement to release shall be properly determined within the context of that case, where he is represented by counsel.

Petitioner's complaints regarding denial of medical care, mail interference, lockdown, and other conditions of confinement are not proper grounds for habeas relief, but instead may be brought in a civil rights case.[2] That said, the Court

---

[2] The Court will not construe the instant case as a civil rights claim. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).

5

expresses no opinion as to the merits of any potential civil rights claim that Plaintiff may bring based on these allegations.

Finally, Petitioner's nonsensical references to the discharge of a debt, selling an asset on the stock exchange, and dissolution of a corporate entity do not provide any basis for habeas relief or for the dismissal of his criminal charge or conviction. They appear to be more of the "sovereign citizen" rhetoric that this Court found to be legally frivolous when raised in the context of Petitioner's civil rights action in Case No. 17-cv-1398-SMY. These arguments are equally frivolous in the context of a habeas action, and fail to provide any grounds for releasing Petitioner from custody.

## Disposition

To summarize, Petitioner has not presented any grounds for habeas relief. Accordingly, this habeas corpus action under 28 U.S.C. § 2241 is **DISMISSED** without prejudice to Petitioner pursuing his claims regarding conditions of confinement in a civil rights action. The Court expresses no opinion on the merits of Petitioner's claims if he chooses to bring them in a civil rights case.

All pending motions are **DENIED AS MOOT.**

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

Further, the Clerk is **DIRECTED** to mail Petitioner a blank civil rights complaint form and instructions, along with a blank form motion/affidavit to proceed without prepaying fees or costs, to assist him if he wishes to bring his claims in a civil rights action.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison/jail trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.02.27
15:44:05 -06'00'

United States District Judge